## GEORGE W. DAY v. B. J. CHAMBERS ET AL.

### IN SUPREME COURT, TYLER TERM, 1884.

*Jurisdiction.--District Court.*—The district court under the constitution has authority to issue a writ of injunction to prevent a trespass upon land dedicated to public use.

Appeal from Johnson County.

We do not deem it necessary to discuss the questions raised by the assignments of error, for the reason that all or nearly all of them have been settled by decisions which have been rendered since the date of the trial.

The presiding judge found among his conclusions of law that the plaintiff was entitled to use the ground which was formerly the Alvarado road for the purposes to which it was originally dedicated. He also held that the defendants, in taking possession of it, committed a trespass. But the court denied relief to the plaintiff upon the supposition that the district court had no power to grand the injunction.

The judge reached that conclusion by reasoning thus. The district court has jurisdiction to try titles to land and to enforce liens thereon. It may issue the writ of injunction when that writ is necessary to enforce its jurisdiction. This is not properly a suit to try tittle to land or to enforce a lien upon land. It is not therefore a suit in which the district court may issue the writ of injunction.

If this conclusion were correct, a large and important class of rights might be entirely without remedy; for the court of appeals has held that the county court has no jurisdiction in such cases. (Scripture v. Kent, W. & W. Con. Rep. pp. 592—596.)

But the jurisdiction of the district court is not thus limited (Const. Art. 5, Sec. 8.) A general authority is there given to the district courts and to the judges thereof, to issue the writs of mandamus, injunction and certiorari, and a further power is superadded to issue all writs necessary to enforce their jurisdiction. This was fully settled, as to the writ of injunction, by the case of Anderson v. Kennedy (unreported).

And in the case of Day v. Vimcenheller, (unreported); a similar decision was made concerning the jurisdiction of the court in case of mandamus.

This disposes of the most important question in the case and must, we think, cause a reversal of the judgment.

The plaintiff insists that by his purchase of the lot fronting on the Alvarado road, he acqired a title to the land extending to the center of the road. This is the general rule of the common law (Mitchell v. Bass, 26 Texas 372). The rule seems to proceed upon the principle that the adjoining proprietors own to the center of the road; but the rule itself is embarrassed by many distinctions and exceptions. (Washburne on Real Prop., (4 ed.) p. 420 note). But it seems from the record that the title to this piece of ground was not in the adjoining proprietors, but in Johnson county, and thus the rule of law above mentioned will not avail the plaintiff. This, however, does not impair the plaintiff's rights in the piece of ground as a public way by reason of its original dedication as such.

The plaintiff (as we understand him) also insists that the defendant Chambers is estopped to claim that part of Block No. 6, lying between Henderson Street, as extended, and the old Alvarado road, by reason of his having received in 1871, a deed from T. D. Solomon for said block, with certain reservations made by the grantor. One of these reservations was that the portion of the block above mentioned should remain an open street or common. This might possibly amount to an estoppel or even to a dedication. But in the absence of a more complete statement of the circumstances connected with the transaction, we cannot give an opinion. It is not even stated whether the deed was ever recorded, or known, or acted upon in any way. (Lamar Co. v. Clements, 49 Texas; Seguin v. Ireland, 58 Texas 183; Ranthum v. Holfman, Idem 551.)

Our opinion is that the judgment should be reversed and the cause remanded.                                          Delany, Iudge.